(49 Misc. Rep. 18.)

POTSDAM ELECTRIC LIGHT & POWER CO. v. VILLAGE OF POTSDAM et al.

(Supreme Court, Special Term, St Lawrence County. January, 1906.) · |

1. MUNICIPAL CORPORATIONS—SUIT BY TAXPAYER—BOND—SUFFICIENCY.

Laws 1881, p. 709, c. 531, and amendments, requiring persons suing to prevent municipal officers from doing an illegal act to furnish a bond in the penalty of not less than $250, conditioned to pay costs to be executed by any two of the plaintiffs, if there be more than one, providing that the plaintiffs shall severally justify in the sum of $5,000, and the court shall require, when plaintiffs shall not so justify, "and in any case may require," sureties. A taxpayer instituted a suit to restrain the trustees of a village from establishing a lighting system, executed a bond in the penalty prescribed, and justified in the sum of $5,000. The bond was approved without requiring sureties. *Held*, that the bond was sufficient.

2. SAME—RESTRAINING MUNICIPAL ACTION—RIGHT OF TAXPAYER.

A taxpayer on an assessment exceeding $1,000 in a village is entitled, under the provisions of Laws 1881, p. 709, c. 531, and amendments, to maintain a suit to prevent the trustees of the village from establishing a lighting system without complying with the law.

3. SAME—PUBLIC IMPROVEMENTS—LIGHTING—STATUTES—CONSTRUCTION.

Laws 1905, p. 2096, c. 737, § 11, providing that no municipality shall build and operate for other than "municipal. purposes" any systems for furnishing gas or electricity for lighting purposes without a certificate of authority granted by the state gas commission, enacted when Laws 1897, p. 438, c. 414, § 241, authorizing a village to maintain a lighting system for lighting its streets and the private buildings of its inhabitants, was in force, prohibits a village from erecting a lighting system for lighting the private buildings of its inhabitants unless authority therefor is granted by the commission.

4. SAME.

A lighting system for supplying a village and its inhabitants with electric lights, voted for by the electors of the village, includes private lighting, and the system cannot be constructed without the state gas commission granting authority therefor, as prescribed by Laws 1905, p. 2096, c. 737, § 11.

5. SAME.

Laws 1905, p. 2096, c. 737, § 11, providing that no municipality shall build and operate for other than municipal purposes any system for lighting unless the state gas commission grants authority therefor, withdraws from all municipalities the power to build a private lighting system unless rights have become vested under a partial exercise of the power, and does not apply to any case where prior to its passage the power has been partially exercised as by the expenditure of money or the incurring of any obligation.

6. SAME.

Laws 1905, p. 2096, c. 737, § 11, provides that no municipality shall build and operate for other than municipal purposes any system for

lighting unless the state gas commission grants authority therefor. Prior to the adoption of the act the electors of a village had voted for a system for furnishing light for a village and its inhabitants. It had paid out no money, and had acquired no property by reason thereof. Four individuals had applied for an uncertain number of lights for a term of years. The applications did not name the amount of light, nor the price thereof. The trustees accepted the applications subject to the provisions of a resolution. *Held*, that the village had incurred no such obligation as to prevent the applicability of the statute; there being no contracts binding the village to furnish light.

Suit by the Potsdam Electric Light & Power Company against the village of Potsdam and others. Decree for plaintiff.

Lowen E. Ginn and Ledyard P. Hale, for plaintiff.

A. X. Parker, Theodore H. Swift, and Thomas D. Watkins, for defendants.

KELLOGG, J. This is a taxpayers' action to restrain the trustees of the village of Potsdam from selling bonds or taking other steps towards the establishment of a municipal lighting system, pursuant to a resolution adopted by the village electors on March 21, 1905, on the ground that no certificate of authority granting permission therefor has been granted by the state gas commission, as provided in chapter 737, p. 2092, Laws 1905, and that consequently any such action will be illegal and constitute waste. Chapter 531, p. 709, Laws 1881, and its amendments, require that in such an action the plaintiff or plaintiffs must furnish to the defendants a bond in the penalty of not less than $250, conditioned to pay costs in the event of nonsuccess. The bond is "to be executed by any two of the plaintiffs, if there be more than one party plaintiff, providing said two parties plaintiff shall severally justify in the sum of $5,000." Evidently there is here no provision applicable to a single plaintiff fixing the amount of justification in such case. The quoted clause is immediately followed in the statute by a sentence specifying the nature of the bond's condition merely. This sentence is succeeded by the following:

"The court shall require when the plaintiffs shall not justify as above mentioned, and in any case may require two more sufficient sureties to execute the bond above provided for."

Evidently the first part of this sentence deals with a case of at least two plaintiffs, and two justifications, requiring in such case, and of such plaintiffs who have failed to justify as permitted, two additional sureties. In the case of a single plaintiff there is no time or occasion "when the plaintiffs shall not" have justified, because, there being no plaintiffs, there can be no default by them—no default in a double justification, none being possible. Clearly, then, only the latter part of the sentence, where it provides that "in any case" the court "may" require sureties, applies to a single plaintiff. This plaintiff has given a bond in the required penalty, and has justified in the sum of $5,000. Sureties have not been required of it by any court, and its bond has been duly approved. Being a taxpayer upon an assessment greater than $1,000, it is entitled to maintain this suit.

It is conceded that the village of Potsdam has not complied with the following provision:

"No municipality shall build, maintain and operate for other than municipal purposes any works or systems for the manufacture and supplying of gas or electricity for lighting purposes without a certificate of authority granted by the commission." Laws 1905, p. 2096, c. 737, § 11.

—By obtaining for the establishment of its proposed lighting plant the certificate therein mentioned from the gas commission. Does that provision apply to the village of Potsdam and its lighting system as resolved upon by its electors prior to the adoption of this law?

Prior to the passage of this act it was permissible for any village, upon the adoption by its people of a resolution therefor, to establish "a system for supplying the village and its inhabitants with light by any approved method." Section 241, Village Law, Laws 1897, p. 438, c. 414. The system contemplated by the statutory permission given included both a street lighting system and a system for the lighting of the private buildings of its inhabitants. Section 245, Village Law. Whether or not a village could legitimately engage in private lighting outside of its municipal territory did this statute so provide it is not necessary to inquire, for this statute plainly confines the power of private lighting which it bestows to lighting within a village; a village being authorized to supply lights to "its inhabitants" only. When the act of 1905 was adopted, therefore, there were but two purposes for which a village might build a lighting system: First, that of lighting the village generally, viz., its streets; and, second, that of lighting buildings within its limits. The prohibition of the statute is against lighting systems built "for other than municipal purposes." Unless this prohibition is meaningless, it must be directed against either one or the other of the two types of permitted lighting systems above mentioned. That it is a prohibition which does prohibit is a concession to legislative mentality, which the current of judicial authority commends. Which, then, is a lighting system "not built for municipal purposes"—the system which lights the village streets, or that which, for hire, lights private houses? Since under this statute one or the other does not satisfy a municipal purpose, it is entirely clear that that one is the system of private lighting, and that without the certificate prescribed no such system may be built. The lighting system voted for by the electors of Potsdam was one "for supplying the village of Potsdam, N. Y., and its inhabitants with electric lights." A private lighting system is comprehended therein, and it is conceded that the system intended to be built is one which will include private lighting. It is a system, then, which, if the law applies, may not be built without the prescribed certificate.

The resolution authorizing a lighting system to be built was adopted on March 21, 1905. The act under discussion did not go into effect until June 3d following. The utmost effect of the resolution was to vest in the board of trustees the power to establish a lighting plant. That power came from the Legislature, which had bestowed it conditionally. Upon the performance of the condition, the power acquired was no greater or more effective than would have been the case had absolute power originally been conferred. Unless rights had already vested under its partial exercise, it was still a delegated legislative power, which could be withdrawn by the Legislature at will. The act of 1905 is universal in its terms:

"No municipality shall build, maintain **and operate** a non-municipal **system** without a certificate."

This is not a retroactive provision.   It speaks from the present.   It withdraws power from all municipalities, however that power may have been acquired, whether by a statute absolute in terms or a conditional statute which has been complied with.   And that power is in præsenti withdrawn.      This construction does not give the statute retroactive force. Doubtless the statute does not apply to any case where the power has been partially exercised, as by the expenditure of money or property, or the incurring of any obligation, properly and lawfully done in the carrying out of a then existing power to establish a lighting system. If the statute had such an effect, it would plainly be retroactive; and the law does not favor such construction.

No money or property had been spent by the village of Potsdam, prior to the passage of this act, in the establishment of a lighting plant. It had paid out no value.   It had acquired no property.   It had incurred no obligation, unless it be an obligation to furnish light to four individuals mentioned in the testimony.   Between May 17th and May 23d four letters were addressed to the village board by individuals who expressed themselves as desirous of placing contracts with the village for an uncertain number of lights for a term of five years, and who thereby made application therefor.   The amount of light is unnamed, the price is unnamed, even the term of the contract is also not given, for no one expresses the time from which the five year period is to run   The board of trustees on May 23, 1905, resolved that the applications were accepted subject to the provisions of a resolution adopted May 22d.   This resolution authorized the making of contracts for house lighting at not less than 50 cents or more than $3 a light per annum, and business lighting at from $1 to $5 for a period of five years "beginning when the municipal system is completed or not later than January 1st, 1906."   The offers which the applicants made were incomplete, and uncertain as to number of lights, price, and period.   They were, in fact, no offers, upon which minds could meet without further offers expressed.   They were "accepted" with the qualification that it was subject to the provisions of a resolution of May 22d.   If the offers had been complete, the "acceptance" was no acceptance, because qualified and containing new terms not contained in the offers.   The "acceptance" was, in fact, a new offer which is not shown to have been accepted.   There has been no meeting of minds, and so no contract. Can any one doubt that, if the plant was built and the applicants refused to take light, the village would fail in any suit in contract against them? Thus we find that no obligation whatever had been incurred by Potsdam village prior to June 3d, no irrevocable steps had been taken or money spent to create a lighting system, which was for Potsdam in all respects still in futuro, and therefore the act that day passed construed as a prospective in its effect only, withdrew from the village authorities the still unexercised and then absolute power to establish a lighting system until a further condition, confessedly unfulfilled, had been complied with.   For this reason, it would constitute an illegal official act for the

97 N.Y.S.—13

defendant officials to take any step toward the establishment of a lighting system heretofore voted upon by the electors of Potsdam.

The plaintiff is therefore entitled to a decree, enjoining the defendants from proceeding further under the resolution adopted March 21, 1905.