(Decided December 19th, 1894.)

---

# THE COUNTY COMMISSIONERS OF CECIL COUNTY *vs.* JOHN BANKS.

*Mandamus—Office of County Treasurer—Official Records.*

A neglect to discharge a public duty, or circumstances which clearly evince an intention not to do the act required, will furnish a sufficient foundation for issuing the writ of *mandamus*.

An Act of Assembly appointed the petitioner Treasurer of Cecil County until the next general election, and directed that he should also serve as secretary of the County Commissioners, and have possession of all their books and papers, as well as those of the office of treasurer. The petitioner, after having qualified, demanded from the County Commissioners the possession of the books and papers belonging to the office of County Treasurer, with which demand they refused to comply, alleging that a third party then filled the office of treasurer, and that they had no power to eject him. *Held,*

That since such third party was not a trespasser, but was in possession of the books, etc., as the appointee of the commissioners, and was their servant, it was the duty of the commissioners to comply with said demand, and a writ of *mandamus* was properly issued to

enforce delivery to the petitioner of the books and papers of which the Act made him the custodian.

The petition in this case also alleged that after the passage of the above-mentioned Act, the County Commissioners admitted a certain person to the office of County Treasurer, and delivered to him the books and papers of the office, and that he refused to deliver them to the petitioner. *Held,*

That both this person and the commissioners were amenable to the writ.

Appeal from the Circuit Court for Cecil County. The case is stated in the opinion of the Court. The petition of the appellee, therein referred to, also alleged that after the passage of the Act of 1894, ch. 25, the County Commissioners of Cecil County admitted to the office of treasurer of said county, the defendant, Manly Drennen, and delivered to him the books and papers of said office, and that he had refused the petitioner's demand for the same.

The answer of Drennen admitted his refusal, and claimed to hold the office of treasurer under an appointment made by the County Commissioners on July 1, 1894. The Court below (ROBINSON, C. J., STUMP and WICKES, JJ.), directed the writ of *mandamus* to issue against Drennen in a separate proceeding against him. (See the case of *Drennen* v. *Banks, ante* p. 310.) In this case the Court sustained the petitioner's demurrer to the answer of the County Commissioners, and ordered the issue of a writ of *mandamus* commanding them to deliver to the petitioner, John Banks, as Treasurer of Cecil County, the books, records and papers belonging to said office, and also the books, etc., of the said County Commissioners; and further commanding them to permit the said Banks, as treasurer, to occupy the office of the County Commissioners. From this order the defendants appealed.

The cause was argued before BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and BOYD, JJ.

*John K. Cowen* and *Albert Constable* (with whom was *Wm. S. Evans* on the brief), for the appellant, cited: *The King* v. *Round*, 4 A. & E. 139; *Barnardo* v. *Ford* (1892), A. C. 326.

*John Prentiss Poe, Attorney-General,* and *C. C. Crothers* (with whom was *Clinton McCullough* on the brief), for the appellee.

McSHERRY, J., delivered the opinion of the Court.

In the preceding case of *Drennen* v. *Banks*, we,, decided the Act of Assembly of 1894 ch. 25, which appointed the appellee, Banks, County Treasurer of Cecil County, to be constitutional and valid; and in the case we are now about to dispose of, not only is the constitutionality of the Act again involved, but the further question is presented as to whether a writ of *mandamus* ought to have been issued against the County Commissioners of Cecil County, requiring them to deliver possession of the books and records of their office, and the books and papers of the County Treasurer to the relator Banks.

The petition avers that Banks, who is the person appointed County Treasurer by the Act of 1894, ch. 25, made demand upon the County Commissioners to be admitted to the office of County Treasurer; that he further demanded they should deliver to him all the books and papers belonging to said office of treasurer, and also all records, books, &c., of the County Commissioners' office, all of which books, papers and records the petition charges were then in the possession and custody of the County Commissioners, and to the possession and custody of which the relator claimed to be entitled under the Act of 1894.

It avers further, a demand of the privilege to occupy the room or office of the County Commissioners for the purpose of enabling the relator to discharge the duties of treasurer. All these demands the petition states the County Commissioners refused to comply with.   The answer of the Com-

missioners admits that the relator demanded to be admitted to the office of Treasurer of Cecil County; that he demanded the respondents should deliver to him all the books and papers belonging to said office of treasurer, "and all records of which he was, by virtue of the said office, the custodian; and that, for the purpose of the performance of his duties as treasurer, he be allowed to occupy the office of said respondents." The answer then proceeds: "But this respondent says that the office of Treasurer of Cecil County was, at the date of said demand, filled by a certain Benjamin M. Crawford, who claimed to be entitled to retain said office and the custody of all books and papers and records belonging to the office of Treasurer of Cecil County; and your respondent had no legal power to eject the said Crawford and install the said petitioner in said office." It then denies that the respondent refused to allow the relator to occupy the office of the respondent. It continues: "This respondent further denies, that the petitioner ever demanded of it that the respondent deliver to him the records, books, &c., of the County Commissioners' office of Cecil County, or made any other demand in regard to books or papers, save as above admitted." The relator demurred to the answer. The Court sustained the demurrer and directed the writ to issue. From that order the pending appeal was taken.

The Act of 1894, ch. 25, amongst other things, expressly declares that the County Treasurer, for whose election in 1895 it makes provision, and that Banks, whom it in terms appoints County Treasurer until an election shall be held, shall have the custody of all the books and papers of the County Treasurer's office, and the records, books, &c., of the County Commissioners' office. This Act went into effect on February the twenty-first, 1894, and the term of the office to which it appointed Banks commenced on the first Monday of May following. From and after that day Banks, who duly qualified and gave bond as the Act directed, was, by the explicit terms of

the Act, the legally appointed County Treasurer of Cecil County, and as such was undeniably entitled to the possession of the office and to the custody of the books, papers and records pertaining thereto, as well as to those belonging to the County Commissioners.

If the Act of 1894 was valid, as we have decided that it was, it became the plain duty of the County Commissioners to obey its provisions, and accordingly to turn over to Banks, when he qualified, all the books, papers and records of which, under the Act, he was made the custodian. They distinctly admit that he made a demand upon them for the delivery to him by them of "all the books and papers belonging to said office of Treasurer of Cecil County, and all records of which he was by virtue of the said office custodian." These included those belonging to the County Commissioners. But they aver, by way of excuse for their failure or omission to obey the law, first, that the Act of 1894 was invalid, and secondly, that a certain Crawford then filled the office of County Treasurer, and that they had no power to eject or displace him. The first objection, respecting the validity of the statute, we have disposed of in the preceding case of *Drennen* v. *Banks.*

The second is equally of no avail. If Crawford was in possession of the office when Banks, who had been legally appointed and had duly 'qualified, made demand for it, Crawford must have been there by appointment of the County Commissioners. It is not pretended that he was a bald trespasser or usurper, holding by force against both the County Commissioners and Banks, the statutory appointee. Whatever the nature of his tenure was, it was such only as the County Commissioners had created, or attempted to create; because, *before* the passage of the Act of 1894 they alone had the authority to make the appointment, and *after* its passage the office became elective, except as to the *ad interim* appointment of Banks. As Crawford was not a usurper; was never elected under the Act of 1894, and was not the appointee named therein, he must have been the mere ser-

vant of the Commissioners by their selection.   Therefore, when they relied on Crawford's mere physical occupancy of the office as furnishing a reason why they did not comply with the relator's demand, they presented no valid justification for their refusal or neglect to obey the law, for the possession of their servant was their own possession.

It was their plain duty to turn over to Banks the books and records which they admit he demanded, and these were not only the books and papers belonging to the office of County Treasurer, but all records, books, &c., of which, by the Act of 1894, he had been made, in virtue of his office, the custodian.   They did not do this, though they had these books, papers and records under their control, even if a portion of them were in the actual custody of their appointee, Crawford.   By the law existing prior to the passage of the Act of 1894 they were the proper custodians of the records belonging to the County Commissioners' office.   The Act of 1894 transferred the custody of these same records to Banks, and the refusal of the County Commissioners, whether actual or constructive, to deliver to him the books, papers and records of which he was made by the statute the legal custodian, justified the Circuit Court in ordering the writ to issue, notwithstanding the averment in the answer that Crawford was in possession of the books and papers belonging to the office of treasurer at the time that the demand was made, because Crawford's possession was, in the eye of the law, the possession of the respondents.

It will not do to say that the respondents denied that they had refused to deliver up the records belonging to the County Commissioners' office, and that the demurrer admitted the truth of the denial, because, though the concluding sentence of the third paragraph of the answer does deny that a demand was made for the records, books, &c., of the County Commissioners' office, the denial is accompanied by the qualifying words " save as above admitted."   And the admission thus referred to, and which is set out in the first part of the same paragraph, is, that

the demand made was for all books and papers belonging to the office of County Treasurer, " *and all records of which he was by virtue of said office the custodian.*" As Banks was by virtue of his appointment custodian of the records belonging to the County Commissioners' office, his demand of all the records of which he was by virtue of his office the custodian necessarily included a demand of the records so belonging to the County Commissioners' office. Thus, instead of the answer denying that a demand had been made, it in fact and legal effect, admits it. Besides this, it is not material in this case whether there was an explicit refusal on the part of the Commissioners to comply with the demand. They in fact did not comply. A neglect to discharge a public duty, or circumstances which clearly evince an intention not to do the act required, will furnish a sufficient foundation for issuing the writ. *2 Dillon, Mun. Corp.* (2d ed.) sec. 696 ; *People &c.* v. *Kingston,* 101 N. Y. 82 ; *State, &c.,* v. *Turpen,* 43 Ohio St. 311.

That the respondents did neglect to perform the public duty imposed by the statute is abundantly apparent ; and the pretext relied on, that their own appointee was in actual possession of the books when the demand was made, cannot be permitted to defeat the claim of the relator.

The fact that a writ of *mandamus* was also ordered to be issued against Drennen in no way deprived the Circuit Court of authority to order the writ against the County Commissioners. Both they and Drennen were amenable to it and it rightly went out against them all.

We accordingly affirm the order appealed from.

*Order affirmed with costs above and below.*

(Decided December 19th, 1894.)