BOARD OF COUNTY COMMISSIONERS OF
BALTIMORE COUNTY ET AL. *v.* OXFORD
DEVELOPMENT COMPANY

[No. 101, October Term, 1955.]

*Decided March 15, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

Submitted on brief by *Carroll W. Royston, County Solicitor for Baltimore County, George M. Berry, Deputy County Solicitor,* and *Walter R. Haile, Assistant County Solicitor,* for the appellants.

Submitted on brief by *James C. L. Anderson* and *James F. Offutt, Jr.,* for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The County Commissioners, the Planning Commission and the Planning Director of Baltimore County appeal from an order of the Circuit Court directing that a writ of *mandamus* be issued commanding them "to process and tentatively approve" a subdivision plan or plat of the appellee (the "Development Company") relating to a

tract of approximately forty-eight acres of land known as "Enchanted Acres."

The original petition of the appellee was filed on March 10, 1955. It was amended by leave of court on June 8, 1955. The amendments inserted the word "tentative" at three points (at the last of which it should have been "tentatively"). In the following statement we have indicated each of the amendments by italicizing the inserted word and by enclosing it in square brackets. The prayer of the petition is that the appellants be commanded "to process and [*tentatively*] approve" the appellee's subdivision plan and plat of "Enchanted Acres." The appellee alleged that it was the contract purchaser and equitable owner of the land in question, that in January, 1955, it had submitted its subdivision plat and plan to the appellants for [*tentative*] approval in accordance with Section 27 of Article 66 B of the Code (1951), that its plan was in accordance with the zoning rules and regulations of Baltimore County as in force then and at the time of filing the petition, and that notwithstanding the provisions of Section 27 of Article 66 B, the appellants had "refused to consider, act upon or approve said plan for residential development within the thirty day period provided in said Section 27 of Article 66 B, and have continued the refusal and [sic, "of"?] [*tentative*] approval of said plat for certain reasons contained in an interoffice communication from * * * [the] Director of Planning to * * * [the] Director of Public Works," an unsigned copy of which had been delivered to the Development Company and would be produced upon the hearing on the petition. The Development Company further alleged in its petition that this memorandum contained "no valid or legal grounds upon which refusal to approve said plat could be based, and the reasons therein attempted to be assigned are in direct conflict with the present zoning rules and regulations adopted by the County Commissioners * * *." The Development Company's petition further asserted that the appellants "arbitrarily, illegally and without just cause have neglected

and continually neglect and refuse to take any positive action for approval of your petitioner's plat and plan of subdivision, and have arbitrarily and illegally withheld approval of said plat without just cause or reason * * *."

The County Commissioners filed one demurrer to the petition, and the Planning Commission and Planning Director joined in another. A hearing was held, and on June 8, 1955, the trial Judge signed an order which over-ruled the demurrer[s] and allowed the appellants five days in which to answer.

On the same day the Development Company sought and was granted leave to amend its petition, as above stated. The docket entries list the petition to amend and the order granting leave to do so *after* the order over-ruling the demurrers. The record is silent as to whether these demurrers were or were not considered as applicable to the amended petition.

The appellants thereafter filed a joint answer to the amended bill in which they denied that they had refused to consider the plat and averred, on the contrary, that "thorough and complete studies of said plat have been made and that tentative approval thereof has been with-held for the reason that the lot areas in the proposed development conflict with the minimum areas required by the Planning Commission for the section of the County of which the land contained in the proposed development is a part." They also denied that their action was il-legal, unlawful, arbitrary or capricious.

The appellee demurred to the answer to the amended petition, and its demurrer was sustained. Thereupon, and without any proof being taken, the order for the issuance of the writ was entered. The appeal is from that order.

The petition as amended seeks tentative approval of the appellee's plat and plan. The only statutory provision upon which the appellee relies, so far as its petition dis-closes,- is Section 27 of Article 66B of the Code. The planning regulations of Baltimore County have not been made a part of the record. These are simply municipal

regulations, of which our courts do not take judicial notice. See *Givner v. Cohen*, 208 Md. 23, 116 A. 2d 357, and cases therein cited. See also Code of Public Local Laws of Baltimore County (1948), Title 23, Section 366 (h) as to the method of proof of zoning regulations. In its brief in this court the appellee has also cited Section 458 of the Baltimore County Code, which was enacted by Chapter 610 of the Acts of 1955, which became effective on June 1, 1955. One portion of this Section is cited in support of the appellee's contention that minimum lot area requirements under planning regulations must coincide with those under zoning regulations. No provision of Chapter 610, which enacted a comprehensive new Title of the Baltimore County Code dealing with "Planning and Subdivision Control", is cited to us, and we have found none, which would require the issuance of a certificate of tentative approval of a subdivision plan. If there is any such requirement in the Baltimore County planning regulations, it has not been made a part of the record and is not before us. Our consideration of the case must, therefore, be based upon the pleadings and the applicable statutes.

We find no requirement in Section 27 of Article 66 B or in any of the thirty-eight Sections (Nos. 441-478) added to the Baltimore County Code by Chapter 610 of the Acts of 1955, which requires the Planning Commission to give its tentative approval to a subdivision plan. Section 26 of Article 66 B provides that planning regulations adopted under the Article may include provisions as to the extent to which streets and ways shall be graded and improved and water mains and other facilities installed "as a condition precedent to approval of the plat." This Section also permits the planning regulations to provide for the tentative approval of a plan before such installations are made. Section 458 of the Baltimore County Code also contains *(inter alia)* an express and perhaps broader provision that subdivision regulations may provide for tentative approval of the plat. Both Section 26 of Article 66 B and Section 458 of the Balti-

more County Code likewise expressly provide that any tentative approval provided for in the regulations shall be revocable.

It is a firmly established rule that the petitioner in *mandamus* proceedings must show both a clear legal right to which he is entitled and an imperative duty on the part of the respondent. *Frederick County v. Fout,* 110 Md. 165, 72 A. 765; *Jackson v. Hopkins,* 113 Md. 557, 78 A. 4; *Brack v. Bar Association of Baltimore City,* 185 Md. 468, 45 A. 2d 102; *Pressman v. Elgin,* 187 Md. 446, 50 A. 2d 560; *Supervisors of Elections for Dorchester County v. County Commissioners,* 200 Md. 114, 88 A. 2d 462; *Heghinian v. Ford,* 209 Md. 113, 120 A. 2d 339.

In the absence of any showing of any right of the petitioner to a tentative approval of a plat and in the absence of any showing of any obligation on the part of the defendants to give such an approval, we think that the petitioner-appellee has failed to satisfy either of the requirements of the rule just stated.

We may also revert to the fact that a tentative approval of a plan under either Section 26 of Article 66 B or Section 458 of the Baltimore County Code is revocable. The usefulness of requiring a tentative approval therefore seems questionable. The writ does not issue automatically. See *George's Creek Coal & Iron Co. v. County Commissioners,* 59 Md. 255; *Board of Welfare v. Listman,* 175 Md. 473, 2 A. 2d 674; *Brack v. Bar Association of Baltimore City,* 185 Md. 468, 45 A. 2d 102.

We think that the petitioner's demurrer to the appellants' answer should have been overruled, and that the writ should not have been issued. We shall accordingly reverse the judgment.

We think it unnecessary on the present record to consider whether or not Chapter 610 of the Acts of 1955 repealed any planning regulations on minimum lot areas which may have been inconsistent with zoning regulations on the same subject.

Because of the scantiness and uncertainty of the record as to what, if any, rights the appellee might be entitled to

under the planning regulations of Baltimore County, which are not in evidence, and because of some conflict as to facts, we do not think that the case is one in which the decree should be reversed with directions to dismiss the petition. Cf. *Good v. Police Commissioners of Baltimore City*, 137 Md. 192, 112 A. 294, where the sole question was one of law on facts not in dispute. We think it appropriate to remand the case with instructions to overrule the appellee's demurrer and for further proceedings not inconsistent with this opinion. See *Pope v. Whitridge*, 110 Md. 468, 73 A. 281, and *Goldman v. Crowther*, 147 Md. 282, 128 A. 50, where further proceedings were permitted after remand.

*Order reversed and case remanded, with*
*costs to the appellants.*