State, ex rel. Henderson, *et al. vs.* Taylor and Robb.

(Decided 2nd February, 1883.)

STATE OF MARYLAND, Ex relatione JOHN HENDERSON and others *vs.* HENRY S. TAYLOR, City Collector, and JOHN A. ROBB, City Register.

*Sections 12, 13, 16 and 17, of Article 47, of the Baltimore City Code of 1879—Payment of sums Assessed by the Street Commissioners upon property Benefited by Opening a street, by Parties not claiming title to the property Assessed—Mandamus—Mode of collecting assessments for Benefits to property by Opening a street—Recovery of assessments by actions at Law in the name of the City.*

On or about the 13th of December, 1877, the returns of the Commissioners for opening streets in the City of Baltimore, consisting of books and papers, showing the amounts of the various assessments made on property benefited by reason of the opening of Eden street, were placed in the hands of the City Collector, in order that he might proceed to the collection of the assessments, in the mode provided by the ordinances of the City. The Collector did proceed to notify the parties of the assessments upon their property, as directed by the ordinance, but only a small portion of the assessments was paid as required by the notice. He did not, however, proceed to advertise and sell the property of the delinquents, as directed by the ordinance upon the subject; but certain parties who were awarded damages for property condemned for the opening of said street, on or about the 1st of August, 1879—nearly twenty months from the time when the Commissioners' returns were placed in the hands of the Collector—came in and paid all

such outstanding and unpaid assessments, as parties not claiming title to the property assessed. Subsequently these parties upon the refusal of the City Collector to advertise and sell the benefited property of the delinquents, filed their petition for a *mandamus* against the City Register to compel him to give certificates of the payment of the assessments, which was made by the petitioners; and also a like writ against the City Collector, to compel him to advertise and sell the property, which was described, for the non-payment of the assessments thereon made. HELD:

That the payment of the assessments by the petitioners not having been made within the time prescribed by the ordinance, they were not entitled to a *mandamus* to compel the Register to give the certificates of payment, and the Collector to proceed to advertise and sell the property assessed.

The summary mode of collection of assessments for benefits to property in opening a street, by sale of the property assessed, is prescribed with particularity; and being a special power, dependent for its existence and validity upon the terms of the ordinance passed in pursuance of the authority delegated to the City, must be exercised in the mode and manner, and under the limitations prescribed in the ordinance, and in no other way. If, therefore, the time be past, or there be any other conditions that cannot be complied with, the summary power of sale no longer exists, and consequently cannot be directed to be exercised by *mandamus*. In such case, the City would have to resort to the ordinary remedy by actions at law for the recovery of the assessments; and such actions, if not barred by limitations, could be maintained in the name of the City, for the use of the parties who paid the assessments, not claiming title to the property assessed, as equitable assignees.

APPEAL from the Court of Common Pleas.

This was an application by John Henderson and others for a *mandamus* to compel John A. Robb, City Register, to give certificates that the assessments against the property described in Exhibit B, for the opening of Eden street, were paid by Gustavus R. Henderson and others, owners of Henderson's ropewalk, without claiming title to the property so assessed, also for a like writ against Henry S. Taylor, City Collector, to compel him to advertise and sell the property described in said Exhibit for the non-payment

of the assessments thereon made for the opening of said street, and that said sale be made for the use and benefit. of the parties and their representatives, who paid said assessments, without claiming title to the property. The Court (BROWN, J.,) passed an order dismissing the petition, being of opinion that the payment of the assessments for opening Eden street, by the parties mentioned in the pleadings and evidence, was not made within the time limited by the ordinance of the Mayor and City Council of Baltimore. From this order the present appeal was taken.

The cause was argued before MILLER, STONE, ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*Sebastian Brown,* for the appellants.

*John P. Poe, City Counsellor,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

This was an application for a writ of *mandamus* against. the Register and the Collector of the City of Baltimore, to compel them to do certain acts and to take certain proceedings for the collection of certain assessments made upon property for local improvements, and in which assessments. the relators allege themselves to be interested.

It appears that on or about the 13th of December, 1877, the Street Commissioners' returns, consisting of books and papers, showing the amounts of the various assessments made on property benefited by reason of the opening of Eden Street, were placed in the hands of the City Collector, in order that he might proceed to the collection of the assessments, in the mode provided by the ordinances of the city. The Collector did proceed to notify the parties of the assessments upon their property, as directed by the ordinance, but only a small portion of the assessments was paid as required by the notice. He did not, however,

proceed to advertise and sell the property of the delin-
quents, as directed by the ordinance upon the subject; but
the relators, after the lapse of a considerable time, came
in and paid all such outstanding and unpaid assessments,
as parties not claiming title to the property assessed, and
now seek to have enforced the assessments so made, by
advertisement and sale.

Section 12 of Art. 47 of the City Code, provides, that
the City Register, within ten days after receiving the re-
turns of the Street Commissioners, shall transfer such
returns to the Collector, "who shall proceed *forthwith* to
notify the parties assessed for benefits, by means of bills
specifying the several sums so assessed, and warning them
that if the same be not paid *within six months from the
date of such transfer* of said Commissioners' returns, he
will proceed to sell the specified pieces or parts of prop-
erty on which such unpaid sum or sums of money shall
have been assessed," in the manner as provided in the
next succeeding section.

The next succeeding section, being section 13, provides,
that if the sums assessed "shall not be paid *within the
time above limited*," the Collector shall sell the property
assessed, after not less than thirty nor more than sixty
days notice; "said notice to be published *within ten days*
after the expiration of the time limited in section 12, for
the payment of said benefits;" and the money when col-
lected is required to be paid over to the Mayor and City
Council, to be by them paid over to the persons entitled
to receive the same.

By section 16 of the same Article of the City Code, it is
declared and ordained that all sums of money assessed by
the Commissioners upon property deemed by them to be
benefited, "shall be and continue liens on each several
piece of property so assessed, to the amount of its particu-
lar assessment, until the same shall be paid to the city."
And in the next succeeding section it is provided, that

State, ex rel. Henderson, *et al. vs.* Taylor and Robb.

"Any person or persons, not claiming title to any lot or piece of property upon which any sums shall be assessed, as aforesaid, may pay the amount of the sum so assessed, *within the time limited,* to the Register of the city, and obtain his certificate of having paid such sum without claiming title to the property; and such payment shall vest in the person or persons paying, his, her or their heirs, the lien on such lot or property mentioned in section 16, of this ordinance."

It will be observed that the summary mode of collection of the assessments by sale of the property assessed, is prescribed with particularity; and as it is a special power, dependent for its existence and validity upon the terms of the ordinance passed in pursuance of authority delegated to the city, it must be exercised in the mode and manner, and under the limitations prescribed in the ordinance, and in no other way. If, therefore, the time has past, or there be any other conditions that cannot now be complied with, the summary power of sale no longer exists, and, consequently, could not be directed to be exercised by *mandamus.* In such case, the city would have to resort to the ordinary remedy by actions at law for the recovery of the assessments; and such actions, if not barred by limitations, could be maintained in the name of the city for the use of the relators, as equitable assignees. *Dashiell vs. City of Baltimore,* 45 *Md.,* 615.

But apart from this difficulty in the way of obtaining relief by *mandamus,* there is another equally formidable.

It appears that the heirs of John Henderson, deceased, were allowed damages to the amount of $30,275, for property condemned for the opening of Eden Street; and not having received their money, they arranged with the City Collector, on August 1st, 1879, to pay, by way of deduction from the damages due them, the amount of the assessments for benefits then outstanding and unpaid by the parties whose property had been assessed. They received

the amount of the damages awarded them, less the amount of the unpaid assessments for benefits; and this was nearly twenty months after the Commissioners' returns had been placed in the hands of the Collector to enable him to make the collections under the ordinance.

Now, in the very nature of things, there should be some time limited within which a party, a mere volunteer, not interested in or claiming title to the property assessed, may come forward and pay the assessments upon the property, and have the lien transferred to him, under the ordinance; for otherwise the privilege might lead to great abuse. The ordinance does prescribe a limitation; for it expressly provides that such party may pay the amount so assessed, *within the time limited,* and obtain the certificate of the Register of the city, and such payment shall vest in the person so paying the lien on the property assessed. If the words "within the time limited" have any meaning, or were intended to impose any limitation at all, as they plainly import, it must be that such payment shall be made within the six months given to the parties to pay the assessments under the notice of the Collector, or, at most, within the time before a sale of the property could take place under the ordinance, according to the course of proceeding prescribed thereby. Otherwise there would be no limitation upon the exercise of the privilege, and the words recited from the ordinance would be meaningless;—a construction that would do violence to the manifest intention of the framers of the ordinance. And the right thus to pay the assessments and acquire the lien being a special privilege, founded upon the ordinance, it must be accepted and exercised according to the terms and limitations under which it is conferred, and not otherwise. Payment to the city of the amount of the assessments, by a third party, after the time limited, might, possibly, operate as an equitable assignment of the amounts due on the assessments; but that would not be a right that could

be enforced by *mandamus.* For it is a settled doctrine in the law of *mandamus,* that the party applying must show *a clear legal right* in himself, and a corresponding imperative duty on the part of the defendant; and without the establishment of such clear legal right and duty, there is no ground shown for *mandamus.* The Court below appears to have been of opinion that the payment of the assessments by the relators was not within the time prescribed by the ordinance, and that therefore they were not entitled to *mandamus* to compel the Register to give the certificates of payment, and the Collector to proceed to advertise and sell the property assessed; and as we concur in that view, and discover no error in the refusal of the writ, the order appealed from will be affirmed.

*Order affirmed.*

(Decided 5th February, 1883.)