# WAILES *v.* SMITH.

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 872. Submitted March 4, 1895. — Decided March 25, 1895.

The finding of the Maryland Court of Appeals, that there was no fund in the state treasury upon which the Comptroller could lawfully draw his warrant, because there had been no appropriation made by the state legislature for the payment of the commissions here claimed, was decisive of this case, and involved no Federal question.

MOTION to dismiss. In 1872 the General Assembly of Maryland passed an act to ratify and confirm the Governor's appointment of Daniel Clarke and Sidney I. Wailes, as commissioners on behalf of the State, to prosecute to settlement all her claims against the government of the United States under the act of Congress approved July 27, 1861, which provided for the payment by the Federal government to the Governor of any State, etc., of any expenses properly incurred by the State for enrolling, equipping, etc., and transporting its troops employed in aiding to suppress "the present insurrection against the United States, to be settled upon proper voucher," etc. Laws of 1872, c. 262, p. 434.

In 1878 the General Assembly repealed the act of 1872, and enacted as follows: "That Sidney I. Wailes, . . . the surviving commissioner of the State of Maryland under said act [the repealed act of 1872], be and he is hereby authorized to prosecute the settlement of all claims of the State against the government of the United States, and he is hereby allowed a commission of thirty per cent upon any sum that shall be recovered by him and paid by the government of the United States into the treasury of the State of Maryland, as full compensation for his services and expenses in the prosecution of said claims of said State against the United States, it being the intent and meaning of this General Assembly that said commissioner shall not claim or receive any other or further compensation for his services rendered or to be rendered and expenses incurred, or to be incurred in the prosecution of said claims, except the commission contingent upon his success, and hereinbefore allowed him on such amount as may be recovered by him as aforesaid, and paid into the treasury of said State." The third section of the act directed the Comptroller of the Treasury "to issue his warrant to pay said Wailes a commission of thirty per cent on such sum as shall be recovered by him and paid by the government of the United States into the treasury of said State upon said claims, and that said commissions shall be payable upon the several amounts received on said claims as they are paid into the treasury." Laws of Maryland, 1878, c. 224, p. 359.

In 1891 the amounts which had been collected from the several States and Territories and the District of Columbia by the Federal government under what was known as "the Direct Tax Act of 1861" were refunded. The act of Con-. gress authorizing this refunding contained the proviso "that no part of the money hereby appropriated shall be paid out by the government of any State or Territory, or any other person, to any attorney, or agent under any contract for services now existing or heretofore made between the representative of any State or Territory and an attorney or agent." The act moreover provided that none of the moneys directed to be paid to any State or Territory should be so paid "until the legislature thereof shall have accepted by resolution the sum herein appropriated and the trusts imposed, in full satis-. faction of all claims against the United States on account of the levy and collection of said tax, and shall have authorized the government to receive said money for the use and purposes aforesaid." Act of March 2, 1891, c. 496, 26 Stat. 822.

The General Assembly of Maryland accepted these terms and provisions, and $371,299.83 were paid to the State by the Federal government. Subsequently thereunder the General Assembly directed that $202,645.71 of the amount thus received should be applied to the payment of the state debt, and that the balance should be invested for the benefit of the sinking fund.

The plaintiff in error began proceedings by petition for mandamus against the defendant, Comptroller of the State, to compel him to draw a warrant on the Treasurer in his favor for the payment of $111,389.94, being 30 per cent on the $371,299.83, which had been paid to the State by the Federal government. The petition was dismissed, and an appeal was taken to the Court of Appeals of Maryland. In that court (at the October term, 1892) the judgment below was affirmed. *Wailes v. Smith*, 76 Maryland, 469, 475.

The Court of Appeals rested its conclusion upon the following grounds :

(1) That the duties imposed on the Comptroller by the act upon which the plaintiff relied involved discretion and judg-

ment, and, therefore, their performance could not be compelled
by mandamus.

(2) That under the Constitution of the State no money
could be drawn from the treasury without a specific appropri-
ation, and the Comptroller could not be compelled by man-
damus to draw a warrant on the Treasurer where, as in this
case, there was no appropriation.

(3) That the act under which the plaintiff had been em-
ployed did not undertake to authorize the Comptroller to
draw a warrant for the compensation therein provided for
without a previous appropriation, and that no appropriation
therefor was made by the act itself.

(4) That even if the contract provided for the deduction,
without appropriation, of the stipulated compensation from
the amount collected, the deduction could not have been
made from the money refunded, as it had been appropriated
by Congress and received by the State upon the express condi-
tion that no such deduction should be made.

(5) That the contract did not contemplate a commission on
the amount of the direct tax refunded, but only on claims
held by the State against the United States, which were specifi-
cally referred to in the contract of 1872. That inasmuch as
the direct tax had been lawfully assessed and paid, the State had
no claim against the United States for the amount collected,
at the time when the contract was made, and therefore there
could have been no reference to that amount in the contract.

The plaintiff brought the case here by writ of error. The
defendant in error, by the Attorney General of the State,
moved to dismiss, not only because of want of jurisdiction
apparent on the face of the record, but also because of the
following facts, which, it is asserted, have occurred since the
writ of error was allowed : In 1894 the General Assembly of
Maryland directed the Comptroller to draw his warrant or
warrants upon the treasury for the sum of $20,000 in favor
of plaintiff in error, " in compensation for effective services
rendered by him in securing the refund by the United States
of the sum of $371,299.83, that being the *quota* of this State
for the direct tax paid by the State of Maryland, in pursuance

of the act of Congress approved August 5, 1861. Provided, however, that the sum of $20,000 hereby appropriated is paid by the State and received and accepted by the said Sidney I. Wailes, upon the express agreement and condition that the same shall be in full payment, discharge, and satisfaction of all claims and demands whatsoever of said Sidney I. Wailes against the State for compensation for services claimed to have been rendered by him under the act of 1878, c. 224, in connection with the recovery and payment of the direct tax by the United States under the act of Congress of March 2, 1891." Laws of Maryland, 1894, c. 233, p. 296; and the plaintiff in error has received the sum thus appropriated, and has given his receipt for the same as being "in payment of a special appropriation made by the General Assembly of 1894, in my favor in compensation," "for efficient services rendered by me in securing," etc.

These allegations are attested by the affidavit of the State Comptroller.

*Mr. John Prentiss Poe*, Attorney General of the State of Maryland, for the motion.

*Mr. John T. Morgan* opposing.

Mr. Justice White, after stating the case, delivered the opinion of the court.

Without considering the effect of the act of the General Assembly of 1894, and of the receipt by the plaintiff in error of the money therein appropriated, we think it clear that the motion to dismiss must prevail. The judgment of the Court of Appeals of Maryland proceeded upon the theory that there was no ministerial duty resting on the Comptroller to draw a warrant in favor of the plaintiff in error, because no appropriation had been made by the General Assembly for the payment of his claim. This conclusion was clearly decisive of the whole controversy and involved no issue of which we have jurisdiction. Even if the act of 1878, upon which the plain-

tiff in error relies, would, under ordinary circumstances, have authorized the Comptroller to deduct from any sum paid to the State by the Federal government in consequence of his exertions the amount of the stipulated compensation, that authority would have had no application to the amount collected by the State as a repayment by the United States of the "Direct Tax." By the terms of the act of Congress the authority to do this was denied. The money therefore passed to the State with the express obligation not to make this deduction, and the State's acceptance clearly bound her to the condition imposed; she could not accept the gift, and at the same time repudiate the condition. Thus the act of acceptance abrogated whatever authority might have otherwise existed to deduct commissions. If the collection was not made by the plaintiff in error, of course he was entitled to no commission under his contract. If the collection was made by him under his contract, the conditions which were imposed by Congress, and by assent to which alone the money was collected, prevent his asserting any right to compensation out of the fund, or averring the existence of any contract requiring the State to deduct his commission from the amount collected. As the State, when she took the money, was bound by the condition upon which the payment was made, so the plaintiff in error, if he made the collection, is equally bound thereby. This conclusion applies even if it be conceded that the State was under contract to pay from her treasury the amount of commission claimed. There being no substantial basis for the contention that the plaintiff has a contract right to be paid a commission out of the fund which the State has received from the Federal government, he is entitled to compensation, if so entitled at all, only out of the general funds of the State.

The finding of the Maryland Court of Appeals, that there was no fund in the state treasury upon which the Comptroller could lawfully draw his warrant, because there had been no appropriation made by the state legislature for the payment of the commissions here claimed, was decisive of the case and involved no Federal question. *Chouteau* v. *Gibson*, 111 U. S. 200; *Detroit City Railway Co.* v. *Guthard*, 114 U. S. 133.

*Dismissed.*