HORACE C. PEASE *v.* EDWARD H. EDGERTON ET AL.
CHARLES V. TOMPKINSON *v.* EDWARD H. EDGERTON ET AL.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed September 17, 1918.

*Chancery—Interlocutory Orders—Appeal—G. L. 1561.*

An order overruling a demurrer to a bill in chancery, and adjudging the bill sufficient, is not a final decree from which an appeal lies.

Leave to appeal granted by a chancellor, cannot enlarge the right of appeal conferred by G. L. 1561.

Two PETITIONS FOR PARTITION against the same defendants, Windsor County. The petitions were transferred to the court of chancery. Heard on defendants' demurrers to the amended bills in Chambers on January 12, 1918, *Stanton,* Chancellor. From orders overruling the demurrers and adjudging the bills sufficient, the defendants were granted leave to appeal. Heard together in Supreme Court on plaintiffs' motions to dismiss the appeals.

*D. A. Pingree* for the plaintiffs.

*Charles Batchelder* for the defendants.

PER CURIAM. These cases were heard together on motion to dismiss the appeals and present the same question. The actions as originally brought were petitions at law for partition. Such proceedings were had therein that, on the application of

the plaintiff in each case, the cause was transferred to the court of chancery and amended into a suit in equity under the provisions of the Practice Act. In each case the amended pleadings terminated in a demurrer to the bill, which being brought on for hearing was overruled, and the bill was adjudged sufficient. Leave was granted the defendants to appeal by filing proper motions therefor. Appeals having been taken and entered in this Court, the plaintiffs move to dismiss for that the order appealed from in each case is not a final decree.

The motions are well grounded. The appeals were clearly from interlocutory orders, while the statute authorizes appeals from final decrees only. G. L. 1561. The leave granted could not enlarge the right of appeal conferred by the statute. It follows that the causes remain in the court of chancery awaiting further proceedings. *Ludlow Sav. Bk. & Tr. Co.* v. *Knight*, 91 Vt. 172, 99 Atl. 633.

*Appeals dismissed.*