## THE MAYOR AND COUNCIL OF HAGERSTOWN
### ET AL.

#### vs.

### WILLIAM B. LITTLETON ET AL.

*Municipal Corporation—Sale of Electric Current—Public Service Commission—Necessity of Permit.*

By Code, art. 23, secs. 413A, 447, a municipal corporation, engaged in the business of manufacturing and supplying electricity for other than municipal purposes, is subject to the provisions of the Public Service Commission statute, and such a corporation is required to obtain a permit or certificate of authority from the commission before constructing and operating an electric light plant for the sale of current to residents of the municipality.                    pp. 595, 596

Under Acts 1898, ch. 381, Acts 1900, ch. 75, and Acts 1920, ch. 40, the City of Hagerstown has power to construct and operate an electric light plant for the supply of current to residents of the city, and to issue bonds for this purpose.

*Decided June 26th, 1923.*

Appeal from the Circuit Court for Washington County, In Equity (WAGAMAN, J.).

Bill by William B. Littleton and others against the Mayor and Council of Hagerstown and the Board of Street Commissioners of Hagerstown. From a decree for plaintiffs, defendants appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*A. R. Hagner* and *A. S. Mason,* with whom was *Levin Stonebraker* on the brief, for the appellants.

*Henry H. Keedy, Jr.,* and *William P. Lane, Jr.,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The questions arising on this appeal are presented by a demurrer to a bill in equity for an injunction, to restrain the appellants from building an electric light plant, under chapter 40 of the Acts of 1920, and from issuing or disposing of any bonds, upon the credit of the City of Hagerstown, to pay for any such plant, without having first obtained a permit or certificate of authority from the Public Service Commission of Maryland to construct the plant.

The plaintiffs are residents of Hagerstown, Washington County, and payers of taxes levied by the Mayor and City Council of Hagerstown on real and personal property, situate in that city and owned by them.

The bill charges that the Mayor and City Council of Hagerstown is a municipal corporation created and existing under the laws of the State of Maryland, and that the Board of Street Commissioners of Hagerstown, now composed of W. L. Middlekauf, M. Finley Seibert and Charles A. Ritchey, is a branch of the government of Hagerstown and, under chapter 58 of the Acts of the General Assembly of Maryland of 1884, as amended by the various acts of the General Assembly subsequent thereto, has charge and control of the lighting of the streets of Hagerstown and of the operation of the plant owned by the city, used for the purpose of manufacturing electric current, and for the commercial sale of the current to residents and citizens of Hagerstown.

First, that the city under the management and control of the Board of Street Commissioners, is now and has been for a number of years last passed, manufacturing electric current in the plant for lighting of the streets and avenues of the city, and for the commercial purpose of selling the current to the residents and citizens thereof for lighting and power purposes.

Second, that under and by virtue of an alleged authority conferred upon it by chapter 40 of the Acts of the General Assembly of Maryland of 1920, the Mayor and Council of

Hagerstown has directed and authorized the Board of Street Commissioners to erect a new electric light plant in Hagerstown, designed and planned and intended for the manufacture of electricity for other than municipal purposes—to wit: for sale to the residents and citizens of Hagerstown, for lighting and power purposes, without having first obtained from the Public Service Commission of Maryland a certificate of authority therefor, and is about to issue and offer for sale bonds upon the credit of the City of Hagerstown, to the amount of $300,000 for the purpose of erecting the plant without having first obtained a certificate of authority therefor from the Public Service Commission of Maryland.

Third, that under the direction and authorization of the Mayor and Council, the Board of Street Commissioners is about to enter into various contracts for the erection of new electric light plant for the purpose of manufacturing electric current, not only for municipal purposes, but also for the commercial purposes of selling such current to the residents and citizens of Hagerstown for lighting and power purposes.

Fourth, that neither the Mayor and Council of Hagerstown, nor the Board of Street Commissioners was given or granted the power or authority to build, maintain or operate the new electric light plant, for manufacturing electric current for lighting other than for municipal purposes, without first having obtained a certificate of authority from the Public Service Commission of Maryland, by chapter 40 of the Acts of 1920, nor by other acts of the General Assembly, but under chapter 180 of the Acts of the General Assembly of 1910 and amendments subsequent thereto, they are required to obtain such a certificate of authority in order to build, maintain or operate an electric light plant for supplying light for other than municipal purposes.

Fifth, that neither the Mayor and Council of Hagerstown, nor the Board of Street Commissioners has applied for or intends to apply for such certificate of authority, and without such certificate of authority neither the Mayor and Council of Hagerstown, nor the Board of Street Commissioners, nor

have they jointly, any power or authority to build, maintain or operate such an electric light plant, as they intend and are about to build, that is, an electric light plant for the purpose of selling current to the residents and citizens of Hagerstown, for light and power purposes.

Sixth, that the building of such an electric light plant, or the entering into any contract or contracts therefor, or the issuing of any bonds to pay therefor, without a certificate or authority being first had and obtained from the said Public Service Commission of Maryland, by the said Mayor and Council of Hagerstown, and the said Board of Street Commissioners, or by either of them, will increase the burdens of your orators and all other taxpayers of Hagerstown, and will be an illegal and unwarranted exercise of power on the part of the Mayor and Council of Hagerstown, and on the part of the Board of Street Commissioners.

The prayer of the bill, in addition to the prayer for general relief, is that "the defendants, the Mayor and Council of Hagerstown, and the Board of Street Commissioners of Hagerstown, W. L. Middlekauff, M. Finley Seibert and Charles A. Ritchey, all and each of them, may be restrained by the injunction of this honorable court from building an electric light plant for any but municipal purposes, from contracting in the name of the Mayor and Council of Hagerstown or the Board of Street Commissioners of Hagerstown, with any person, persons or corporation for the construction of the whole or of any part of an electric light plant for the purpose of manufacturing electricity or electric current to be used for any but municipal purposes, or to be sold to citizens or residents of Hagerstown for lighting purposes, and from issuing, selling or disposing of any bonds, upon the credit of the City of Hagerstown to pay for, in whole or in part, any such plant, without having first obtained a certificate of authority from the Public Service Commission of Maryland, to build such an electric light plant."

The defendants appeared to the bill on the 13th day of January, 1923, and demurred to the bill, upon the ground

that the plaintiffs have not stated in their bill such a case as entitles them to any relief in equity against the defendants, and ask that the bill may be dismissed with costs.

The case was heard upon bill and demurrer, and from a decree of court, dated the 7th day of February, 1923, overruling the demurrer, and directing an injunction to issue, this appeal has been taken.

The order of court, directing the writ of injunction to issue, decreed that the defendants and each of them be and they are hereby restrained and enjoined from building or contracting in the name of the Mayor and Council of Hagerstown, or in the name of the Board of Street Commissioners of Hagerstown, for the construction of the whole or any part of an electric light plant for the purpose of manufacturing electricity or electric current to be sold to citizens or residents of Hagerstown for power purposes, and from issuing, selling or disposing of any bonds, upon the credit of the City of Hagerstown, to pay for, in whole or in part, the construction of any such plant, to be used for the purpose; but liberty is hereby reserved to the defendants, and to each of them, to move for the rescinding of this order, and for a dissolution of the injunction to be issued as aforesaid, at any time after filing their answer to the bill, on giving the plaintiffs or their attorney of record, five days' previous notice of such motion.

We have no difficulty in reaching the conclusion, under the facts alleged in the bill and admitted by the demurrer in this case, that the appellants should be required to obtain a permit or certificate of authority from the Public Service Commission of Maryland, before constructing and operating the electric light plant, mentioned in the bill, and before issuing the municipal bonds provided by chapter 40 of the Acts of 1920.

By section 413A, article 23, vol. 3 of the Code, it is provided that every municipal corporation of this State engaged in the business of manufacturing and supplying or of supplying gas or electricity for other than municipal purposes shall be included within the terms "gas corporation" and

"electrical corporation" as defined in the next preceding section of this sub-title, and shall be subject as other gas and electrical corporations are to the provisions of this sub-title.

And by section 447 of article 23 of the Code, vol. 1, it is provided that no gas corporation or electrical corporation incorporated under the laws of this or any other state shall begin construction or exercise any right or privilege under any franchise hereafter granted or under any franchise heretofore granted but not heretofore actually exercised, without first having obtained the permission and approval of the commission. And it is further provided in the same section that "no municipality, except the Mayor and City Council of Baltimore, shall build, maintain and operate for other than municipal purposes any works or systems for the manufacture and supplying of gas or electricity for lighting purposes without a certificate of authority granted by the commission. If the certificate of authority is refused, no further proceedings shall be taken before the commission, but a new application may be made therefor after one year from the date of refusal.

In *Gregg* v. *Public Service Commission,* 121 Md. 30, this Court said that the purpose of the Public Service Commission Act was to place all corporations handling public utilities under the supervision and control of the Public Service Commission with power to it to regulate," &c.

The act, it will be seen, provides that a municipal corporation which is engaged in manufacturing and supplying or supplying electric current for other than municipal purposes is an electrical corporation, within the meaning of the act and subject to its provisions.

The New York public service act contains a provision similar and almost identical with the provision of our Maryland act, and the New York court enjoined the village of Pottsdam from establishing "a system for supplying the village and its inhabitants with light by any approved method," without first obtaining from the commissioner a certificate of authority. The New York court further held

that supplying the inhabitants with light was other than a municipal purpose; that there were only two purposes for which a village could supply light, one for lighting the village generally and the other for lighting the buildings within its limits and that supplying it for private buildings was held to be other than a municipal purpose. *Pottsdam E. L. & P. Co.* v. *Village of Pottsdam,* 97 N. Y. Supp. 190.

As stated by the appellees in the brief, the question of whether or not a municipality is included or excluded from the statute is determined by the language of the statute itself, and our act expressly includes every municipal corporation engaged in the business of manufacturing and supplying electricity for other than municipal purposes.

This view, we think, is supported in principle by numerous decisions of the courts and by the statutes cited in the previous part of this opinion.

This brings us to the second proposition presented by the record and that is, Have the appellants authority, under the various acts of assembly, to construct and operate the electric light plant in Hagerstown, as stated in the bill?

The court below struck down the right, and enjoined them from building or contracting in the name of the Mayor and Council of Hagerstown or in the name of the Board of Street Commissioners of Hagerstown, for the construction of the whole or of any part of an electric light plant for the purpose of manufacturing electricity or electric current to be sold to citizens or residents of Hagerstown for power purposes, and from issuing bonds as provided by chapter 40 of the Acts of 1920.

We cannot agree with the conclusion reached by the court below on this branch of the case. On the contrary, we think, the right to construct the plant was conferred upon the City of Hagerstown under the various acts of assembly referred to in the record.

The Act of 1898, ch. 381, provides that the issue of bonds shall be known and designated as "electric light and improvement bonds" and the money arising from the sale shall be ap-

plied and used exclusively for the purpose of establishing or assisting in establishing a plant in Hagerstown to be used for the purpose of generating electric power to supply light and power, or either of them, to the citizens of Hagerstown.

The tile of the act, is "An act to authorize the Mayor and Council of Hagerstown to issue bonds to raise a sum of money to erect a plant for the purpose of supplying Hagerstown with electric light and power, or either, in the discretion of the Mayor and Council.

The Act of 1900, ch. 75, practically re-enacts chapter 381 of the Acts of 1898, and provides for the establishment of an electric light plant, in Hagerstown, to supply electrical energy or power sufficient in amount to satisfy the needs for lighting of the Mayor and Council and the citizens of Hagerstown, and it is stated in the appellants' brief that under these two several acts the Mayor and Council has been furnishing the citizens of Hagerstown with both light and power since 1901 to the present time and is still so doing.

In *Hagerstown* v. *Hagerstown Rwy. Co.,* 123 Md. 196 (decided in March, 1914), these two acts were before the Court, and it was there held that, while the Act of 1900, ch. 75, provided that after the erection of the plant therein mentioned there should be "no lighting," at the expense of the city, of the streets and alleys of the city, except by the plant owned and maintained by the Mayor and Council, there is nothing in that act or the Act of 1898, chapter 381, to indicate any intention of the Legislature to give the city the exclusive right to furnish electric light and power to private consumers in the city or to abridge the right of the appellee to do so.

While the Court, in the 123 Md. case, *supra,* held that the city did not have the exclusive right to furnish electric light and power to its citizens, it held that it was the intention of the Legislature to give the city the right to furnish electric light and power to its citizens as provided by the acts.

The last act is chapter 40 of the Acts of 1920, and it is under this act that the appellants claim they are authorized

and empowered to issue municipal coupon bonds upon the faith and credit of the city, to construct a new electric light plant and to remodel the entire electric system of the appellant.

The title of the act, is "An act to authorize and empower the Mayor and Council of Hagerstown to issue coupon bonds upon the faith and credit of Hagerstown to raise a sum of money to be used in the construction of a new city electric light plant for Hagerstown, to remodel the entire distribution system of the present city light plant; providing for the payment of interest on said bonds; for the payment of the bonds when due and payable and for the submission of the question of issuing the bonds to the qualified voters of Hagerstown at the regular municipal election to be held on the fourth Monday in March, 1920."

Considering the three acts of the Legislature together and giving effect to their plain object and meaning, we think it is clear that it was the intention of the Legislature to give the appellants the right to furnish electric light and power to the citizens of Hagerstown as provided by those acts.

The rule of construction governing statutes, of the character of those now before us, is thus stated in 23 *A. & E. Encyc. of Law,* 311: Statutes which are not inconsistent with one another, and which relate to the same subject-matter, are *in pari materia* and should be construed together and effect be given to them all, although they contain no reference to one another and were passed at different times.

In *Baltimore* v. *Williams,* 129 Md. 297, this Court said that "the principles which govern courts of justice in the construction of statutes are simple and well defined. Among them the cardinal one is that the intention of the Legislature is to be carried out. That intention is to be collected from the words of the statute by considering every part of it. It may also be ascertained by considering the causes or necessity of making the act. *Frazier* v. *Warfield,* 13 Md. 301."

And it was said in *Chesapeake & Ohio Canal Co.* v. *Balto. & O. R. R. Co.,* 4 G. & J. 152, that when this intention or

the cause for the making of the act are ascertained, it ought to be followed, although such construction, may seem to be contrary to the letter of the statute. *Miller* v. *Cotton Factory,* 26 Md. 478; *Commercial Ass.* v. *Mackenzie,* 85 Md. 132; *State* v. *Central Trust Co.,* 106 Md. 272; *Shehan* v. *Tanenbaum,* 121 Md. 283.

In *Linn* v. *The Burgess of Chambersburg,* 160 Pa. 511, 25 L. R. A. 221, the Supreme Court of Pennsylvania, in dealing with a somewhat similar case, said: "The power of the legislature to authorize municipal corporations to supply gas and water for municipal purposes, and for the use and benefit of such of their inhabitants as wish to use and are willing to pay therefor at reasonable rates, has never been seriously questioned. In view of the fact that electricity is so rapidly coming into general use for illuminating streets, public and private buildings, dwellings, etc., why should there be any doubt as to the power to authorize such corporations to manufacture and supply it in like manner as artificial gas has been manufactured and supplied? It is a mistake to assume that municipal corporations should not keep abreast with the progress and improvements of the age." *Mealy* v. *Hagerstown,* 92 Md. 741; 20 *Corpus Juris,* 305; *Swann* v. *Baltimore,* 132 Md. 256.

As we concur in that part of the decree appealed from, which holds that the appellants are required to obtain a permit from the Public Service Commission before proceeding with their work, we shall have to affirm the decree appealed from, but not for the reasons stated in the opinion of the court below. The injunction, however, should be dissolved upon the granting of the permit by the Public Service Commission, and the bill should be dismissed.

*Decree affirmed, with costs.*