G. A. WIEGAND & CO. v. VILLEMEUR

(July 1, 1931. Opinion and Decree.)
(July 20, 1931. Rehearing Refused.)

Frymire, Ramos, Cockfield & Hagen, of New Orleans, attorneys for plaintiff, appellee.

Theodore Cotonio, of New Orleans, attorney for defendant, appellant.

MORENO, J. ad hoc. G. A. Wiegand & Company, obtained a judgment in the First City Court for $155.23 against Lawrence Villemeur. This judgment was rendered on May 10, 1927, and thereafter fi. fas. were issued to seize the property of the debtor in satisfaction of the judgment, but the constable was not successful in seizing any property belonging to the plaintiff until a fi. fa. was issued on July 8, 1930, under which the constable seized the interest of the defendant in the suit entitled "Lawrence Villemeur vs. Charles E. Woodward, et als." pending in the Civil District Court for the parish of Orleans.

Villemeur then took a rule against Messrs. Frymire & Ramos, the attorneys for G. A. Wiegand & Company, to show cause why the fi. fa. should not be declared a nullity and the seizure made thereunder set aside. The rule was taken on the ground that G. A. Wiegand & Company was a commercial partnership consisting of George A. Wiegand and Alexander G. St. Mart and that G. A. Wiegand, one of the partners, had died, and the partnership was not represented before the court, either through a liquidator or through the heirs of the former partner. On a trial of the matter, the rule of the defendant was dismissed.

It must be clear that an attorney representing one of the litigants is not a party to the suit. He has no title as an attorney in or to the cause of action. Any rights which arise during the course of the litigation are not his rights, but those of his client. Since this is so, it would be wholly futile for a judgment to be rendered in any cause decreeing that an attorney does not have a right which he does not assert and for which he does not contend.

It is not necessary to pass upon the question of whether or not the fi. fa. prop-

erly issued on the state of the record. It may well be that the proper parties were not before the court and that there was no one before the court with a right to demand its issuing through the attorneys of record or through any other attorney. However, that fact would not entitle the mover in rule to so far depart from the orderly course of judicial administration as to take a rule against an attorney to determine rights arising out of a fi. fa. issued in the name of the client. The attorneys in this case did not claim to act for themselves, but claimed to act for their clients, and whatever rights arose through the issuance and execution of the fi. fa. were rights created in favor of the client. No court has power to adjudicate upon those rights contradictorily with attorneys who assert no interest in the rights. Any judgment rendered against the attorneys in the case would certainly not be binding upon their clients, because the rule to show cause is taken against the attorneys as individuals upon the theory that they have acted wrongfully and is not taken against the client which they represent for the purpose of divesting by a judgment a right asserted on behalf of the client.

It is no function of the court to point out the proper procedure to prevent the execution of the judgment, if such a right of prevention exists, and it suffices to say that unquestionably the attorneys in this case have no interest as individuals in the subject of the litigation, and, consequently, any judgment rendered against them could not affect the existing rights, and would amount to a mere futility.

The judgment of the lower court dismissing the rule of Lawrence Villemeur is, therefore, affirmed.

WESTERFIELD, J., and DUNBAR, JR., J. ad hoc, participating.