ROSCOE WALTER *v.* BOARD OF COUNTY COM-
MISSIONERS OF MONTGOMERY COUNTY

[No. 5, April Term, 1942.]

*Decided April 22, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Roscoe Walter*, in *pro. per.*, for appellant.

*Joseph A. Cantrel* for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is the second appeal in this case from the Circuit Court for Montgomery County. The first appeal was No. 23 in the October term, 1941, and the opinion will be found in 179 Md. 665, 22 A. 2d 472, 473. That appeal was dismissed because there had been no final judgment below. After the mandate was returned from this court to the Circuit Court for Montgomery County that court passed a final order dismissing the appellant's petition and from that order this appeal is properly here.

The case is one in which the appellant filed a petition for a mandamus against the County Commissioners of Montgomery County, the commissioners demurred, the demurrer was sustained with leave to amend, no amendment was made, and finally the petition was dismissed. The allegations of the petition are set forth in the opinion in the first appeal. While we dismissed the appeal, we also discussed the right of a citizen and taxpayer to compel his county commissioners "instanter to make proper repairs" to certain highways, and we said, in part: "* * * the commissioners, who, through taxation, raise the money, are permitted to apportion it according to their judgment and discretion upon such projects as in their opinion are most deserving and urgent. This consideration alone would in the present case, if it were properly before us, be a sufficient answer to the petition for the writ."

The appellant now challenges that conclusion and cites a number of cases from this court and from courts and authorities elsewhere, that there is a duty upon the county commissioners to keep the public roads in a safe condition, and that they may be compelled by mandamus

to carry out that duty. There might be appropriate cases in which mandamus would lie, but there have been numerous decisions of this court to the effect that the duties imposed upon county commissioners, with respect to roads, are discretionary. Mandamus will not lie to control such discretion in ordinary cases. There is nothing in the petition of the appellant herein, which shows that the conditions existing with respect to his roads, indicate anything other than the usual delays incident to road repair and construction. While he and his neighbors may be seriously inconvenienced, all citizens must at times be subjected to inconveniences where a public board is distributing public money over a large network of roads, many of which need repair. It is not possible to keep all roads in good repair at all times. The duty imposed upon county commissioners to keep the roads under their jurisdiction safe for public travel cannot necessarily be construed as requiring them to repair immediately any particular road, when the money or the instrumentalities under their control may be otherwise allocated and engaged at places where there is greater need.

The appellant says, speaking as of the date of the filing of the petition, that for some weeks past and at the present time, the two public highways complained of are in an unsafe and impassable condition for the ordinary modes of travel, and that at many times in recent weeks the attention of the commissioners has been called to these impassible conditions, but that necessary and needed repairs have not been made. The court below took judicial notice of the fact that one of these highways was being repaired or improved, and that the complaint of the appellant was really to the manner of the improvement of the road, rather than to the fact that it was not being improved at all. However that may be, we do not think that the allegations in the petition justify any order by the court to compel the exercise in any particular way of the discretionary power lodged in the County Commissioners of Montgomery County.

In the case of *Blundon v. Crosier*, 93 Md. 355, 361, 49 A. 1, 3, which was an injunction case involving roads, this court said: "When such discretion exists, as we have said exists here, the rule with respect to granting an injunction is that the court will not interfere to restrain, control or review the exercise of power by the person in whom the law has vested the discretion or judgment to exercise the same, unless the exercise of the power is tained with fraud, or it is necessary to do so in order to prevent abuse, injustice or violation of trust. *Throop on Public Officers* (1892 Ed.), Sec. 849. As was said by this court in *Wiley v. Board of School Commissioners of Allegany County*, 51 Md. 401, 404: 'So long as public functionaries confine themselves within the limits of the power delegated, the court will not interfere with the exercise of their discretionary powers, or undertake to determine the question whether the Act complained of be wise or unwise, good or bad. Where the Legislature has confided the power of determining as to the wisdom and expediency of an Act authorized to be done to a board of public functionaries, with them the decision of the question must rest'."

These statements apply here. While we do not mean to close the door absolutely on citizens who may attempt by mandamus to remedy arbitrary abuses of discretion, we can find nothing in the present case which would justify such action as is requested. The writ of mandamus must issue as prayed, if it is issued at all. *Wells v. Commissioners of Hyattsville*, 77 Md. 125, 26 A. 357, 20 L. R. A. 89; *Upshur v. City of Baltimore*, 94 Md. 743, 51 A. 953.

*Order affirmed. Appellant to pay the costs.*