# HYMAN A. PRESSMAN *v.* W. LEE ELGIN, COMMISSIONER OF MOTOR VEHICLES

[No. 39, October Term, 1946]

*Decided January 8, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Hyman A. Pressman* in *pro per* person for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* with whom was *William Curran, Attorney General,* on the brief for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Hyman A. Pressman, a member of the Maryland bar, is appealing here from an order of the Superior Court of Baltimore City dismissing his petition for a writ of mandamus to compel W. Lee Elgin, Commissioner of Motor Vehicles of the State of Maryland, to keep open to public inspection the reports of motor vehicle accidents received by the Department of Motor Vehicles. The petitioner alleges (1) that a part of his practice of law consists in representing clients in damage suits arising out of motor vehicle accidents; (2) that on May 9, 1946, he visited the Department of Motor Vehicles in the course of his practice, and requested permission to inspect several reports of motor vehicle accidents filed in that Department, but his request was refused by the employees of the Department; (3) that the refusal of permission was caused by the arbitrary and unlawful action of Commissioner Elgin in barring from public inspection all reports of motor vehicle accidents which have occurred since January 1, 1946; and (4) that he has been caused great inconvenience and damage by the refusal. The Commissioner demurred to the petition, and his demurrer was sustained.

The Maryland Motor Vehicle Act of 1943, which revised the motor vehicle laws of the State, directs the Commissioner of Motor Vehicles to keep a record of all statements filed with him and all certificates issued by him, and provides that all records of the Department of Motor Vehicles, other than those declared by law to be confidential for the use of the Department, shall be open to public inspection during office hours. Laws of 1943, Ch. 1007; Code Supp. 1943, Art. 66½, Sec. 12. The Commissioner is authorized by the Act to deliver upon request a certified copy of any public record of the Department, and to charge a fee of 50 cents for each document so authenticated, except when it is

required or requested by any court or department of the State, and to pay all fees received from such source, like other funds received, into the State Treasury. The Act further provides that any such copy shall be admissible in any proceeding in any court in like manner as the original thereof. Laws of 1943, Ch. 1007; Code Supp. 1943, Art. 66½, Sec. 11.

It is understood that the right to inspect public records, in the absence of statutory direction, must be exercised subject to such reasonable rules and regulations as it may be necessary for the custodian to impose in the interest of orderly government of the office. Thus, in the absence of statute, the court will not command a custodian of public records to permit inspection of the records contrary to a reasonable rule fixing the hours when the office in which they are kept will be open to the public. *Upton v. Catlin*, 17 Colo. 546, 31 P. 172, 17 L. R. A. 282. In this State the Commissioner of Motor Vehicles has been authorized by the Legislature to adopt such rules and regulations as may be necessary to carry out the provisions of the Motor Vehicle Act. Laws of 1943, Ch. 1007; Code Supp. 1943, Art. 66½, Sec. 8. However, this authorization does not give to the Commissioner the right to override the explicit statutory requirement that the public records of the Department of Motor Vehicles shall be open to public inspection during office hours.

Attention has been called to the Motor Vehicle Financial Responsibility Act, which was adopted by the Legislature in 1945, and which provides for suspension of the license of every operator and all registrations of every owner of a motor vehicle involved in any accident in this State in which any person is killed or injured or in which damage amounting to more than $50 is sustained to the property of any one person, unless such operator or owner had liability insurance or shall deposit security. This Act, which took effect on January 1, 1946, provides that neither the written report required to be made immediately after any such accident, nor the action taken by the Department thereon, nor

the findings of the Department upon which such action is based, nor the security filed with the Department shall be referred to in any way or be any evidence of the negligence or due care of any party at the trial of any action at law to recover damages. Laws of 1945, Ch. 456, Sec. 110H. While the Motor Vehicle Financial Responsibility Act of 1945 makes every report of a motor vehicle accident inadmissible in evidence at the trial of a suit for damages, it does not repeal the provision of the State Motor Vehicle Act of 1943 that all records of the Department of Motor Vehicles, other than those declared by law to be confidential, shall be open to public inspection during office hours. The law does not favor repeals by implication, unless there is a manifest inconsistency between the earlier and later statutes, or unless their provisions are so repugnant and irreconcilable that they cannot stand together. No Court should ever hold that a statute has been repealed except where the language of a later statute shows plainly that the Legislature intended a repeal. *State v. Clifton*, 177 Md. 572, 10 A. 2d 703; *Buchholtz v. Hill,* 178 Md. 280, 288, 13 A. 2d 348. Statutes which relate to the same subject-matter and are not inconsistent with each other are in *pari materia,* and should be construed together so that they will harmonize with each other and be consistent with their general object and scope, even though they were passed at different times and contain no reference to each other. *City of Hagerstown v. Littleton,* 143 Md. 591, 599, 123 A. 140; *Bickel v. Nice,* 173 Md. 1, 192 A. 777; *Pittman v. Housing Authority of Baltimore City,* 180 Md. 457, 464, 25 A. 2d 466; *Smith v. Higinbothom,* 187 Md. 115, 48 A. 2d 754, 762.

Mandamus is a remedy which comes down to us from the past when the Judges of the Court of the King's Bench issued the writ or not as they saw fit. According to the theory of the common law, the King was the fountain of justice, and where the laws did not afford a remedy and enable the individual to obtain his right by the regular forms of judicial proceedings, the pre-

rogative powers of the sovereign were sought to supplement the ordinary judicial powers of the Court. Thus mandamus, like *habeas corpus,* became known as a prerogative writ because it was issued only by exercise of the extraordinary power of the Crown on proper cause shown. Today, however, the theory that mandamus is a prerogative writ no longer has force in America. In *Union Pacific R. Co. v. Hall,* 91 U. S. 343, 23 L. Ed. 428, 432, the United States Supreme Court observed that a private citizen may apply for mandamus in his own name without the intervention of any public official to enforce a public duty not owing to the government as such.

It is well settled that where the duty of a public official requires the exercise of discretion, mandamus will not be granted to control his decision. *Wailes v. Smith,* 76 Md. 469, 477, 25 A. 922, writ of error dismissed, 157 U. S. 271, 15 S. Ct. 624, 39 L. Ed. 698; *D. E. Foote & Co. v. Harrington, Governor of Maryland,* 129 Md. 123, 126, 98 A. 289; *Red Star Line v. Baughman, Commissioner of Motor Vehicles,* 153 Md. 607, 610, 139 A. 291; *United States ex rel. Tucker v. Seaman,* 17 How. 225, 15 L. Ed. 226. But the law is equally clear that mandamus is the proper remedy to compel a public official to perform a ministerial duty in which the applicant for the writ has a sufficient interest. In *Brown, Governor of Maryland, v. Bragunier,* 79 Md. 234, 236, 29 A. 7, Judge McSherry declared that even the Governor of the State can be commanded to perform a ministerial duty by mandamus, and there would be no difficulty in finding effective means to enforce compliance with the writ if occasion should require it. It is the mandate of the Legislature that the Commissioner of Motor Vehicles shall keep the records of his Department open to public inspection. This is a ministerial duty. Therefore, mandamus is the proper remedy to compel him to perform that duty.

We realize that the right of a private citizen to inspect public records, while theoretically absolute, is in actual practice limited by the basic principle that

mandamus is not demandable *ex debito justitiae* but is granted only in the sound discretion of the Court. In other words, the writ is not issued as of mere course, but will be granted only where the Court is satisfied that it will serve some just or useful purpose. *George's Creek Coal & Iron Co. v. Allegany County Com'rs,* 59 Md. 255, 259; *Lee v. Leitch,* 131 Md. 30, 40, 101 A. 716. So, if a petitioner's purpose in desiring to see certain public records is merely to satisfy idle curiosity, the writ will not be granted.

The Attorney General of Maryland, representing the Commissioner of Motor Vehicles, contended that the petitioner cannot maintain this action in his own name, but must bring it in the names of his clients. He argued that the attorney has no more right to institute a mandamus proceeding in his own name than an attorney has to institute suit for damages in his own name to redress wrongs suffered by his client. It is true, of course, that an attorney is not a party to a suit in which he merely represents a litigant. *Conley v. Fenelon,* 266 Mass. 340, 165 N. E. 382; *C. A. Weigand & Co. v. Villemeur,* 17 La. App. 457, 136 So. 105. But the instant proceeding is against a public official of the State to command him to perform a duty owing to the petitioner. We recognize that an applicant for a writ of mandamus must show a clear legal right in himself and an imperative duty on the part of the defendant. Unless the right which the petitioner seeks to enforce and the corresponding duty of the defendant are clearly established, the writ should not be granted. *State ex rel. Henderson v. Taylor,* 59 Md. 338, 344; *State ex rel. Baltimore, C. & P. B. Ry. Co. v. Latrobe,* 81 Md. 222, 238, 31 A. 788; *Frederick County Com'rs v. Fout,* 110 Md. 165, 174, 72 A. 765; *Buchholtz v. Hill,* 178 Md. 280, 288, 13 A. 2d 348. But we think it is beyond question that an attorney at law, whose client has the right to inspect certain records, has himself an interest which entitles him also to inspect them. In fact, he has a two-fold interest: first, as the representative of his client in an important confidential relationship; and secondly,

by reason of any counsel fee to which he may be entitled for his services. It has thus been held that a title examiner may be granted a writ of mandamus to compel a register of deeds to permit him to examine the records and make abstracts from them, though he is acting on behalf of others. *Boylan v. Warren*, 39 Kan. 301, 18 P. 174, 7 Am. St. Rep. 551; *State ex rel. Cole v. Rachac*, 37 Minn. 372, 35 N. W. 7.

As the petitioner alleges that he finds it necessary in his practice to inspect certain records in the Department, and his request for permission to inspect them has been refused as a result of the Commissioner's arbitrary and unlawful action, we must reverse the action of the Court in dismissing the petition. We appreciate the fact that the issuance of a writ of mandamus to enforce the petitioner's right must rest to some extent in the discretion of the Court, and the writ will be granted or withheld depending upon the facts and circumstances of the particular case. However, the discretion accorded to the Court must not be arbitrary, but must be exercised in accordance with the established rules of law. *Tolbert v. Philadelphia, B. & W. R. Co.*, 126 Md. 569, 575, 95 A. 49.

The petitioner prays for an order to command the Commissioner of Motor Vehicles to keep open to inspection all reports "which have been and will be received by the Department." This prayer is too broad. It should ask for the performance of a definite duty which arises under conditions shown to exist and imposed by existing law. *State of Mississippi v. Johnson*, 4 Wall. 475, 18 L. Ed. 437, 440. The writ of mandamus, if issued at all, must issue as prayed. *Walter v. Board of County Commissioners of Montgomery County*, 180 Md. 498, 25 A. 2d 682. Nevertheless, the prayer can be amended, if desired, to demand that the petitioner be permitted to inspect the public records now filed in the Department. *Durkee v. Murphy*, 181 Md. 259, 29 A. 2d 253; *Richmond v. Kettelle*, R. I., 106 A. 438; *Neubert v. Armstrong Water Co.*, 211 Pa. 582, 61 A. 123.

*Order reversed, and cause remanded for further proceedings.*

MARKELL, J., filed the following dissenting opinion:

MARKELL, J., dissents on the ground that the petition does not show any such legal right of the petitioner as might entitle him to the writ of mandamus. *Jones v. House of Reformation,* 176 Md. 43, 51, 3 A. 2d 728; *Bucholtz v. Hill,* 178 Md. 280, 288, 13 A. 2d 348.