HILLYARD *v.* CHEVY CHASE VILLAGE ET AL.

[No. 38, September Term, 1957.]

244

*Decided January 14, 1958.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ.

*Stedman Prescott, Jr.,* and *John F. Hillyard,* for appellant.

*Edward S. Northrop,* with whom were *Walter S. Furlow, Jr.,* and *Lambert, Hart & Northrop* on the brief, for appellees.

BRUNE, C. J., delivered the opinion of the Court.

This is an appeal by John F. Hillyard from the denial of his petition for a writ of mandamus to compel the appellees, Chevy Chase Village, a municipal corporation, and the members of its Board of Managers (collectively the "Village"), to improve East Kirke Street in front of the appellant's lot in order that he might have access thereto, or in the alternative, to give him permission to improve East Kirke Street so he might have access to his lot. The appellees demurred to the petition and the trial court sustained the demurrer without leave to amend.

The petition alleges that the petitioner, John F. Hillyard, is the owner of a lot located between Western Avenue and Brooklandville Road, Chevy Chase Village, fronting on East Kirke Street, that he purchased his lot in reliance upon the

fact that East Kirke Street is shown by the Land Records of Montgomery County to be a duly dedicated street and that the dedication thereof has been accepted by the Village. The petition also states that East Kirke Street has been improved for one half of its length, but that the part in front of Mr. Hillyard's property "is covered by trees, underbrush, holes and trash, and is totally impassable", that consequently his property is inaccessible and that he has no other means of access thereto. He asserts that the Village has refused either to improve the street or to permit him to do so, or to cut the curb at the intersection of Kirke Street and Western Avenue. The demurrer, of course, admits all of these allegations.

The petition refers to the Charter of the Village, Acts of 1951, Chapter 251. It is codified in the Montgomery County Code of 1955 as Secs. 66-1 to 66-17. The date of the appellant's acquisition of his lot is not shown, and the case has proceeded on the assumption that the Act referred to is controlling. We may add that nothing in any prior law relating to Chevy Chase Village has come to our attention which would produce a different result under the "Succession Clause", which is also a saving clause of Chapter 251 of the Acts of 1951 (Sec. 86 B of the 1947 Code of P.L.L. of Montgomery County). The pertinent Sections of the 1951 Act will be referred to by their Section numbers in the 1955 Montgomery County Code.

The relevant sections of the Village Charter which relate to the authority of the Board of Managers to construct and maintain streets are paragraphs 6(e), 6(f), 8, 8(e) and 8(f) of Section 66 of the Montgomery County Code of 1955.

Section 66-6(e) states: "All funds which shall be received by Chevy Chase Village as its share of the County Road tax shall be used by the Board of Managers exclusively for the maintenance and repair of roads within the boundaries of Chevy Chase." This section is inapplicable to the case before us since it relates only to the repair and maintenance of roads already built. Section 66-6(f) likewise applies to the rebuilding or reconstruction of roads already constructed.

Section 66-8 provides: "That Chevy Chase Village, when-

ever *in the judgment* of the Board of Managers the public health, safety or welfare requires, shall have the power to levy taxes in the form of special assessments upon property in a limited and determinable area for special benefits conferred upon such property by the construction of * * * streets, roads, lanes and alleys, and to provide for the payment of all or any part of the above projects out of the proceeds of such special assessment * * *." (Emphasis supplied.) The remainder of Section 66-8 deals with procedure for petitioning the Board to take such action.

The use of the term "whenever in the *judgment* of the Board of Managers" in Section 66-8 clearly shows that the matter of constructing a new road lies within the sound discretion of the Board of Managers; and it has been repeatedly held by this Court that "where the duty of a public official requires the exercise of discretion, mandamus will not be granted to control his decision * * * mandamus is the proper remedy to compel a public official to perform a ministerial duty" only. *Pressman v. Elgin,* 187 Md. 446, 451, 50 A. 2d 560, 563, and cases cited; *Walter v. Montgomery County,* 180 Md. 498, 25 A. 2d 682. Cf. *Bd. of Co. Commrs. of Harford Co. v. MacPhail,* 214 Md. 192, 133 A. 2d 96, a suit in equity for specific performance, where the County Commissioners had already exercised their discretion by agreeing to improve a road.

The petitioner has asked, in the alternative, that the Village be required to grant him permission to build the driveway at his own expense. There is, however, no provision in the Charter of the Village which requires it to grant such permission to the appellant; and the Village argues that to require it to grant such permission might involve it in expense for supervision of the work and in possible liability to persons using the roadway if it were not properly constructed.

We need consider only the absence of a requirement for the granting of permission, since its absence is fatal to the establishment of the asserted right. Section 66-8 of the Village Charter indicates that the powers of the Board of Managers with regard to the construction of streets are discretionary. It is well settled that unless there is a duty to

be performed by the respondent, as well as a clear right of the petitioner to demand its performance, the writ of mandamus will not issue. *Buchholtz v. Hill,* 178 Md. 280, 13 A. 2d 348; *Pressman v. Elgin, supra; Board of Co. Commrs. of Baltimore Co. v. Oxford Development Co.,* 209 Md. 373, 121 A. 2d 239.

Although the Village cannot be required to grant the appellant permission to build a roadway on Kirke Street, it does not necessarily follow that the Village can prevent him from building the desired roadway so as to gain access to his property. The right of access is firmly established. *Webb v. Baltimore & Ohio R. R. Co.,* 114 Md. 216, 79 A. 193; *Huebschmann v. Grand Co.,* 166 Md. 615, 172 A. 227; and it may include the right to cut a curb. *Alan Construction Co. v. Gerding,* 209 Md. 71, 120 A. 2d 353. See *McQuillin on Municipal Corporations,* 3rd Ed., Vol. 10, paragraph 30.63, and *American Law of Property,* Vol. II, paragraph 9.54. It seems clear, however, that whatever right of self-help the plaintiff may have, if he has any, cannot be enforced by mandamus proceedings.

For the above reasons the order of the Circuit Court is affirmed.

*Order affirmed, with costs.*