## CAROLINA *v.* DIRECTOR OF THE DEPARTMENT OF PAROLE AND PROBATION

[No. 82, September Term, 1958 (Adv.)]

*Decided June 18, 1958.*

The cause was submitted to Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Submitted on brief by *James Carolina, pro se,* for the appellant.

Submitted on brief by *C. Ferdinand Sybert, Attorney General,* and *James H. Norris, Jr., Special Assistant Attorney General,* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal is by a prisoner who was denied a writ of *mandamus* he sought against the Director of the Department of Parole and Probation to compel the allowance against his sentence of time spent on parole. Appellant was sentenced in June of 1947 to fifteen years for second degree murder. In June 1954 he was paroled. In March 1955 he was convicted of assault and given thirty days in the Baltimore City Jail. By reason of this conviction his parole was revoked on August 5, 1955, after a hearing at which he appeared, and the Board refused to give him credit for the time he spent in the community.

In January 1958 he filed a petition in the Baltimore City Court for the writ of *mandamus.* Judge Warnken treated the application as seeking relief against the members of the Board of Parole and Probation and refused to issue the writ; he also denied relief under the petition as one for *habeas corpus.* An appeal was filed to this Court, and since the case was thought to be an application for leave to appeal from the denial of the writ of *habeas corpus,* it was placed on the September Term, 1957 Habeas Corpus docket. Upon discovery that the appeal was from the denial of a writ of *mandamus,* the case was transferred to the regular docket, September Term, 1958, and advanced for decision.

Code, 1957, Art. 41, Sec. 115 provides that the Board "may, in its discretion, grant credit for time spent in the community under parole supervision or for such part thereof as to the Board may seem just and fair under the circumstances." Clearly, since discretion is given the Board whether to grant or withhold credit for time at liberty, *mandamus* will not lie to compel the Board to grant the credit. *Hillyard v. Chevy Chase Village,* 215 Md. 243. If the petitioner's application be treated as one for *habeas corpus,* he is in no better situation. We have said that if it be assumed that the point could be raised on *habeas corpus,* failure of the

Board to exercise its discretion so as to grant credit, deprives the prisoner of no constitutional right. *Clark v. Warden,* 213 Md. 641.

> *Order dismissing the petition for the issuance of the writ of mandamus affirmed, with costs.*